

1  Tammy Hussin (Bar No. 155290)
2  Lemberg & Associates, LLC
   6404 Merlin Drive
3  Carlsbad, CA 92011
4  Telephone (855) 301-2100 ext. 5514
   thussin@lemberglaw.com
5
6  Lemberg & Associates, LLC
   1100 Summer Street
7  Stamford, CT 06905
8  Telephone: (203) 653-2250
   Facsimile: (203) 653-3424
9
10 Attorneys for Plaintiff,
   Shedonna Johnson
11

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| Shedonna Johnson,<br><br>    Plaintiff,<br><br>vs.<br><br>Cross Check, Inc.; and DOES 1-10, inclusive,<br><br>    Defendants. | Case No.: CV13-00274-PLA<br><br>**COMPLAINT FOR DAMAGES**<br>**1. VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 ET. SEQ;**<br>**2. VIOLATION OF FAIR DEBT COLLECTION PRATICES ACT, CAL.CIV.CODE § 1788 ET. SEQ.**<br><br>**JURY TRIAL DEMANDED** |

COMPLAINT FOR DAMAGES

For this Complaint, the Plaintiff, Shedonna Johnson, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Shedonna Johnson (hereafter "Plaintiff"), is an adult individual residing in Harbor City, California, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant, Cross Check, Inc. ("Cross Check"), is a California business entity with an address of 6119 State Farm Drive, Rohnert Park, California 94928, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Cross Check and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Cross Check at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A. The Debt**

8. The Plaintiff allegedly incurred a financial obligation in the approximate amount of $4,000.00 (the "Debt") to Hooman Toyota (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Cross Check for collection, or Cross Check was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B. Cross Check Engages in Harassment and Abusive Tactics**

12. In or around December 2012, Cross Check began calling Plaintiff in an attempt to collect the Debt.

13. Cross Check called Plaintiff's place of employment in an attempt to collect the Debt.

14. Plaintiff informed Cross Check that the calls to her workplace were inconvenient and prohibited by her employer.

15. Thereafter, despite Plaintiff's request, Cross Check continued calling Plaintiff at her place of employment in an attempt to collect the Debt, causing frustration to Plaintiff and causing Plaintiff to fear that her employment was in jeopardy.

16. Plaintiff again requested to Cross Check that it cease all calls to her place of employment, but the calls thereafter continued causing Plaintiff to become increasingly fearful about her employment.

17. Plaintiff made multiple requests to Cross Check to stop calls to her workplace. Despite the multiple requests, Cross Check continued to contact Plaintiff at her place of employment.

18. Cross Check placed calls to Plaintiff one after another, one time calling Plaintiff three times in 5 minutes.

19. Plaintiff offered to make payment arrangements in an effort to reduce the amount owed and to stop Cross Check's collection attempts.

20. Cross Check refused to accept Plaintiff's payments and demanded that the Debt was paid in full immediately.

21. On December 24, 2012, Cross Check threatened to "go after" Plaintiff and to seize Plaintiff's vehicle if the Debt was not paid in full by December 26, 2012. Plaintiff did not make a payment and her vehicle was not seized as threatened.

22. Oftentimes, Cross Check failed to inform Plaintiff that the call was an attempt to collect the Debt and all information obtained would be used for that purpose.

23. Cross Check failed to advise Plaintiff of her rights under the state and federal law by written correspondence within five days after the initial contact.

C. **Plaintiff Suffered Actual Damages**

24. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

25. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

26. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, et seq.

27. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. The Defendants contacted the Plaintiff at his place of employment, knowing that the Plaintiff's employer prohibited such communications, in violation of 15 U.S.C. § 1692c(a)(3).

29. The Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

30. The Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

31. The Defendants threatened the Plaintiff with seizure of his property if the debt was not paid, in violation of 15 U.S.C. § 1692e(4).

32. The Defendants employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

33. The Defendants failed to inform the consumer that the communication was an attempt to collect a debt, in violation of 15 U.S.C. § 1692e(11).

34. The Defendants used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

35. The Defendants failed to send Plaintiff an initial letter within five days of its initial contact with Plaintiff as required by law, in violation of 15 U.S.C. § 1692g(a).

36. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

37. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT II
## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788 et seq.

38. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. The Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788 et seq. ("Rosenthal Act") prohibits unfair and deceptive acts and practices in the collection of consumer debts.

40. Cross Check, Inc., in the regular course of business, engages in debt collection and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

41. The Defendants threatened the Plaintiff with seizure of his property if the debt was not paid, without intending to take such action, in violation of Cal. Civ. Code § 1788.10(e).

42. The Defendants failed to comply with the provisions of 15 U.S.C. § 1692, et seq., in violation of Cal. Civ. Code § 1788.13(e).

43. The Defendants did not comply with the provisions of Title 15, Section 1692 of the United States Code, in violation of Cal. Civ. Code § 1788.17.

44. The Plaintiff is entitled to damages as a result of the Defendants' violations.

# PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

C. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

D. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

E. Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

F. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or

negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy and intentional infliction of emotional distress in an amount to be determined at trial for the Plaintiff;

G. Punitive damages; and

H. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED: January 10, 2013        TAMMY HUSSIN

By:_____
Tammy Hussin, Esq.
Lemberg & Associates, LLC
Attorney for Plaintiff, Shedonna Johnson

Tammy Hussin
Lemberg & Associates, LLC
6404 Merlin Drive
Carlsbad, California 92011
Telephone: (855) 301-2100 Ext. 5514
Facsimile: (203) 653-3424

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CASE NUMBER |
|---|---|
| Shedonna Johnson<br><br>PLAINTIFF(S)<br>v.<br><br>Cross Check, Inc.; and DOES 1-10, inclusive,<br><br>DEFENDANT(S). | CV13-00274-PLA<br><br>SUMMONS |

TO:     DEFENDANT(S):   Cross Check, Inc.

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Tammy Hussin, of counsel Lemberg & Associates, whose address is 6404 Merlin Drive, Carlsbad, CA 92011. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:   JAN 1 4 2013                By: _____
                                              Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                    SUMMONS